LAW OFFICE OF WADE SUTHARD, PC
NEW JERSEY BAR NUMBER: 001392001
7 BROAD STREET, 2ND FLOOR
ELIZABETH, NEW JERSEY 07201
Telephone No.: (908) 353-8315
ATTORNEYS FOR THE PLAINTIFF
RANDOLPH VERAS

| | |
|---|---|
| RANDOLPH VERAS | U.S. DISTRICT COURT |
| | MIDDLE DISTRICT OF PENNSYLVANIA |
| Plaintiff(s), | |
| | CIVIL ACTION NO.: |
| vs. | |
| | COMPLAINT AND JURY DEMAND |
| BRIAN MCCORMICK, AND | |
| TRIPLE J TRUCKING, INC. | |
| | |
| Defendant(s). | |

## INTRODUCTION

1. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against Plaintiff.

## JURISDICTION

2. Plaintiff, Randolph Veras, is a citizen of the State of New Jersey, with an address of 1318 Myrtle Street, Hillside, New Jersey 07205.

3. Defendant, Brian McCormick, is a citizen of Pennsylvania, with an address of 243 South Prospect Street, Apartment 1, Nanticoke, Luzerne County, Pennsylvania 18643.

4. Defendant, Triple J. Trucking, Inc. is a Corporation having its principal place of business in a state other than New Jersey; with an address of 1490 South Church Street, Hazle Township, Luzerne County, Pennsylvania 18201.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of one hundred fifty thousand dollars ($150,000.00).

6. The United States District Courts have jurisdiction over this civil action due to diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

## PARTIES

7. Plaintiff, Randolph Veras, is a citizen of the State of New Jersey, at all times material hereto residing at 1318 Myrtle Street, Hillside, New Jersey 07205.

8. Defendant, Brian McCormick, is a citizen of the State of Pennsylvania, at all times material hereto residing at 243 South Prospect Street, Apartment 1, Nanticoke, Luzerne County, Pennsylvania 18643.

9. Defendant, Triple J. Trucking, Inc. is a Corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, and at all times material hereto was licensed to do business in the Commonwealth of Pennsylvania, having its principal place of business of, 1490 South Church Street, Hazle Township, Luzerne County, Pennsylvania 18201.

## COUNT I-NEGLIGENCE

10. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above with the same force and effect as if herein set forth.

11. On or about July 27, 2015, at approximately 9:24 a.m., the plaintiff, Randolph Veras, was the operator of a motor vehicle, which was traveling on Bear Mountain Bridge Road, in the Town of Cortlandt, County of Westchester and State of New York.

12. At the same place and time as aforesaid, the defendant, Brian McCormick, was the operator of a certain commercial vehicle owned by defendant, Triple J Trucking, Inc. which was also traveling on Bear Mountain Bridge Road, in the Town of Cortlandt, County of Westchester and State of New York.

13. At the aforesaid place and time, the defendant, Brian McCormick, operated his vehicle in such a negligent, careless and reckless manner so as to cause said vehicle to collide with the vehicle being operated by plaintiff, Randolph Veras.

14. At the aforesaid place and time, the defendant, Brian McCormick, was negligent, careless and reckless as follows:

    a. Operating his vehicle at an excessive rate of speed under the circumstances;

    b. Failing to have his vehicle under proper and adequate control;

    c. Failing to apply the brakes in time to avoid the crash;

    d. Failing to keep a proper lookout for other vehicles;

    e. Failing to drive in his travel lanes of the highway;

    f. Operating his vehicle in a manner causing it to strike plaintiff's vehicle that was lawfully traveling on the highway;

    g. Operating his vehicle in an unsafe and distracted manner;

    h. Operating a tractor trailer in violation of applicable federal and state laws, regulations and statutes.

15. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Brian McCormick, acting as aforesaid, Plaintiff, Randolph Veras, sustained severe and permanent injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues throughout his entire body; he was caused to sustain injuries of, but not limited to, his lower back, and the

tendons, muscles, ligaments, and soft tissues attached thereto; he sustained a great shock to his nerves and nervous system; all of such injuries herein stated have in the past and will in the future cause Plaintiff, Randolph Veras, great pain and suffering, a serious and permanent impairment of his bodily functions, all of which are permanent in nature.

16. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Brian McCormick, acting as aforesaid, Plaintiff, Randolph Veras, was rendered sick, sore, lame and prostrate and was made to undergo and endure great pain and agony, from which he suffered and may and probably will in the future continue to suffer for an indefinite time.

17. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Brian McCormick, acting as aforesaid, Plaintiff, Randolph Veras, has undergone various medical treatments, including surgical procedures, and has incurred and will incur in the future, large and various expenses for medicines and medical treatment in an attempt to treat and cure himself of his aforesaid injuries.

18. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Brian McCormick, acting as aforesaid, Plaintiff, Randolph Veras, has and will in the future be prevented from attending to his usual duties, occupation and activities, to his great financial and emotional detriment and losses.

19. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Brian McCormick, acting as aforesaid, Plaintiff, Randolph Veras, has lost the wages of employment, and his earning capacity has been impaired.

20. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Brian McCormick, acting as aforesaid, Plaintiff, Randolph Veras, has been deprived of life's pleasures and may and probably will in the future continue to suffer loss of the same all to his

great financial and emotional damage and loss.

21. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Brian McCormick, acting as aforesaid, Plaintiff, Randolph Veras, has and will in the future be caused to suffer from worry, anxiety, apprehension and frustration all to his great financial and emotional detriment and loss.

22. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Brian McCormick, acting as aforesaid, Plaintiff, Randolph Veras, has and will in the future be caused to suffer from humiliation, embarrassment and degradation all to his great financial and emotional detriment and loss.

23. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Brian McCormick, acting as aforesaid, Plaintiff, Randolph Veras, has and in the future will incur economic losses, costs and/or expenses for services rendered on his behalf of all to his great financial and emotional detriment and loss.

**WHEREFORE,** THE Plaintiff, Randolph Veras, prays for damages against the Defendant, Brian McCormick, in a sum of money that exceed the jurisdictional amount of One Hundred Fifty Thousand Dollars ($150,000) plus his costs of this action and any other such relief to be deemed just and equitable.

### SECOND COUNT-NEGLIGENT HIRING, TRAINING AND SUPERVISION

24. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in Count One, Two and Three above with the same force and effect as if herein set forth.

25. At the aforesaid place and time, Defendant, Brian McCormick, was an employee of Defendant, Triple J. Trucking, Inc., and was operating said commercial vehicle within the course and scope of his employment as an agent, servant, employee, or permissive user of defendant, Triple J.

Trucking, Inc.

26. The defendant, Triple J. Trucking, Inc, negligently hired, retained, trained, and supervised, Defendant, Brian McCormick, who negligently, carelessly, and recklessly caused said vehicle to strike plaintiff, Randolph Veras.

**WHEREFORE,** THE Plaintiff, Randolph Veras, prays for damages against the Defendants, Brian McCormick and Triple J Trucking, Inc., jointly and severally, in a sum of money that exceed the jurisdictional amount of One Hundred Fifty Thousand Dollars ($150,000) plus his costs of this action and any other such relief to be deemed just and equitable.

### THIRD COUNT-NEGLIGENT ENTRUSTMENT

27. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in Count One and Two above with the same force and effect as if herein set forth.

28. At the aforesaid place and time, Defendant, Brian McCormick, was an employee of Defendant, Triple J. Trucking, Inc., and was operating said commercial vehicle within the course and scope of her employment as an agent, servant, employee, or permissive user of Defendant, Triple J. Trucking, Inc

29. The defendant, Triple J. Trucking, Inc, negligently entrusted its commercial vehicle to Defendant, Brian McCormick, who negligently, carelessly, and recklessly caused said vehicle to strike plaintiff, Randolph Veras.

**WHEREFORE,** THE Plaintiff, Randolph Veras, prays for damages against the Defendants, Brian McCormick and Triple J Trucking, Inc., jointly and severally, in a sum of money that exceed the jurisdictional amount of One Hundred Fifty Thousand Dollars ($150,000) plus his costs of this action and any other such relief to be deemed just and equitable.

## FOURTH COUNT-VICARIOUS LIABILITY

30. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in Count One above with the same force and effect as if herein set forth.

31. At the aforesaid place and time, Defendant, Brian McCormick, was an employee of Defendant, Triple J. Trucking, Inc., and was operating said commercial vehicle within the course and scope of her employment as an agent, servant, employee, or permissive user of Defendant, Triple J. Trucking, Inc

32. Accordingly, the defendant, Triple J. Trucking, Inc, is vicariously liable for the actions of Defendant, Brian McCormick, who negligently, carelessly, and recklessly caused said vehicle to strike plaintiff, Randolph Veras.

**WHEREFORE,** THE Plaintiff, Randolph Veras, prays for damages against the Defendants, Brian McCormick and Triple J Trucking, Inc., jointly and severally, in a sum of money that exceed the jurisdictional amount of One Hundred Fifty Thousand Dollars ($150,000) plus his costs of this action and any other such relief to be deemed just and equitable.

LAW OFFICE OF WADE SUTHARD, P.C.

Dated:

7/20/17

By: _____
Wade F. Suthard, Esq.
Attorney for Plaintiff, Randolph Veras